In re Brett C. MUSCATELL, Debtor.

BARNETT BANK OF TAMPA, N.A., Plaintiff,

v.

Brett C. MUSCATELL, Defendant.

Bankruptcy No. 88–2760–8P7.
Adv. No. 88–152.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 3, 1989.

Patricia J. O'Doran, Tampa, Fla., for plaintiff.

Richard S. Agster, Tampa, Fla., for defendant.

A.J. Musial, Jr., Tampa, Fla., for Vivian Muscatell.

## ORDER ON AMENDED MOTION TO HOLD VIVIAN MUSCATELL IN CIVIL CONTEMPT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case, and the matter under consideration is presented in an adversary proceeding commenced by Barnett Bank of Tampa, N.A. (Barnett) against Brett C. Muscatell (Debtor). The matter under consideration is a Motion filed by Barnett, who seeks an order from this Court determining that Vivian Muscatell (Ms. Muscatell) is in contempt of this Court. Barnett also seeks an order to cause the incarceration of Ms. Muscatell as punishment until she complies with the subpoena and the imposition of a fine to reimburse Barnett for the expenses incurred by Barnett, caused by her refusal to comply with the subpoena.

At the initial hearing scheduled on the Motion, originally filed on October 25, 1988, this Court received testimony of Allen K. Stone (Stone), a professional process server, and Shirley Potter (Potter), his assistant. At the conclusion of the evidentiary hearing, this Court stated that inasmuch as the Motion sought a contempt citation, and the original notice did not comply with the notice requirements of Bankruptcy Rule 9020, this Court directed counsel for Barnett to renotice the matter by including in the amended notice the statements required by Bankruptcy Rule 9020.

On November 10, Barnett filed its Amended Motion and with due notice, the matter was rescheduled for hearing. In accordance with a ruling previously made in this matter, the Court informed the parties at the outset of the hearing that the testimony previously given by Stone and Potter would be part of the record and they would not be required to appear again and testify of the matters testified at the earlier hearing. Inasmuch as neither counsel for Barnett nor counsel for Ms. Muscatell offered any additional evidence, this Court is now prepared to rule on the Motion for Contempt by considering only the record as established at the original and the rescheduled hearing, which record reveals the following facts germane to the resolution of Barnett's Motion for Contempt.

On September 26, 1988, pursuant to the request of Barnett, the Clerk of this Court issued a subpoena duces tecum which directed Ms. Muscatell to appear for deposition and bring with her the documents described in the subpoena on October 19, 1988 at 9:30 a.m. It appears that Barnett learned earlier, after some attempts had been made to serve her with the subpoena, that Ms. Muscatell, who resides at 8003 Lago Vista Drive, Tampa, leaves her residence during week days between 7:30 a.m. and 8:00 a.m. This is the time she brings her child to school. It further appears that on October 10, 1988, Stone, in the company of Potter, parked their van around the corner from the residence of Ms. Muscatell in a location where they were in a position to observe Ms. Muscatell's residence. As soon as the garage door opened, Stone pulled the van around the corner toward the driveway of Ms. Muscatell's residence in order to block her exit. Stone promptly exited from the van and walked up to the vehicle driven by Ms. Muscatell and attempted to serve the subpoena by announcing that she was subpoenaed to appear on October 19, 1988 at 9:45 a.m. for deposition. However, because Ms. Muscatell made a motion toward moving her car, Stone placed the subpoena, with the proper witness fee, under the windshield wiper of her vehicle. It appears that the window of her car was not open enough to place the subpoena inside the vehicle. Ms. Muscatell thereafter, by swerving around the van, drove away. There is some evidence in the record that Stone satisfied himself that the person in the automobile was in fact Ms.

Muscatell. It is without dispute that Ms. Muscatell did not appear for the scheduled deposition. Further, there is no evidence in this record that she sought a protective order and obtained an excuse from this Court not to appear at the deposition. This is the basis for Barnett's request to find her in contempt pursuant to F.R.C.P. 45(f) as adopted by Bankruptcy Rule 9016.

In opposing Barnett's Motion, counsel for Ms. Muscatell contends first that the subpoena was improperly issued because there is no evidence in this record to show that the party who requested the subpoena also filed at the same time with the Clerk, the notice of taking deposition; second, that Ms. Muscatell was never advised or informed of the service on her; third, that there is no proof in this record to show that the witness fee and mileage were tendered to her or it was tendered in the proper amount; fourth, there is no proof in this record to show whether or not the copy of the original subpoena was served on Ms. Muscatell. Considering the respective contentions of the parties, this Court is satisfied that the subpoena was properly issued and under these circumstances the service was proper and Ms. Muscatell had no legal justification to ignore same.

■■■ There is no question that in order to require a compliance with a mandate of a subpoena to appear for deposition all that is necessary to communicate to the witness service and to tender the fee required by the statute. A witness cannot evade service by ignoring what is communicated to the witness orally and with the delivery of the subpoena itself. There is no question that in order to escape the legal consequence of the failure of the witness to comply with the subpoena the burden is clearly on the witness to show and to come forward to establish that she was never validly served. The most telling feature of the factual scenario is her failure either to seek relief from the command of the subpoena by filing a Motion to quash the same for improper service or in the alternative appear at the contempt hearing to testify that she was never validly served with the subpoena. There is no question that she cannot discharge her burden to establish that the subpoena was not validly served by her total silence. Under the facts of this case, there is hardly any question that she did violate her duty to obey to the command of the subpoena and to appear at the deposition. From all these it follows that by virtue of F.R.C.P. 45(f) as adopted by Bankruptcy Rule 9016, she is clearly in contempt and subject to punishment. This leaves for consideration what would be the appropriate punishment to be imposed on her under the circumstances. Counsel for Barnett urges imprisonment as the only effective means to compel her attendance in the future. This Court is satisfied that incarceration at this time would not be appropriate and imposing a fine of $200 per day would be more appropriate. This fine shall accrue every day after the expiration of ten (10) days of the date of this Order and until she notifies counsel for Barnett, either personally or through her counsel, that she is willing to appear and in fact appears at a properly scheduled and noticed deposition.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Vivian Muscatell be, and the same is hereby, adjudged of civil contempt and she is fined, unless she complies with the provisions of this Order, at the rate of $200 per day until she fully complies. It is further

ORDERED, ADJUDGED AND DECREED that the Clerk shall, upon entry of this Order, serve a copy of same on Vivian Muscatell and her counsel of record, and counsel of record for Barnett. It is further

ORDERED, ADJUDGED AND DECREED that the effectiveness of this Order is suspended for ten (10) days and shall not be final unless Ms. Muscatell files a written objection to the findings and conclusions within ten (10) days from the date of entry of this Order as provided for by Bankruptcy Rule 9020(c) and seeks a review pursuant to Bankruptcy Rule 9022(b). It is further

ORDERED, ADJUDGED AND DECREED that Barnett is awarded compensatory damages in the amount of $500 for

Vivian Muscatell's failure to appear at the deposition scheduled by Barnett.

DONE AND ORDERED.